## HILL *v.* STATE.

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

S. RAULSTON SCHOOLFIELD, of Chattanooga, for plaintiff in error.

ERNEST F. SMITH, Assistant Attorney-General, for the State.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The defendant was arraigned upon a warrant in which he.was charged with "violating chapter 49, Public Acts 1939, selling alcoholic beverages without a license." Indictment and trial by jury were waived. The court found

the defendant guilty and punished him with a fine of $50 and six months' jail sentence.

The proof is that an employee of the Department of Finance and Taxation went to a place known as Drum Inn near Chattanooga and bought from the defendant, who worked there, a pint of whiskey, paying $1.25 for the same. The liquor bore the Government revenue stamp and likewise the State revenue stamp. The proof further showed that a license required of retailers of intoxicating liquor by chapter 49 of the Acts of 1939, had not been taken out by defendant or by anyone else at Drum Inn.

The proof does not show that the defendant ever made any other sale of whiskey at Drum Inn or elsewhere and it is insisted that defendant in this isolated transaction has not violated the provisions of the Acts of 1939. The argument, as we understand it, is that the tax levied by this statute is directed at dealers in intoxicating liquor, wholesale or retail, and manufacturers—those who are in the business of selling or manufacturing such liquors. That a single sale cannot be regarded as the conduct of a business and that consequently the defendant was not amenable to the tax, required no license for this one sale, and accordingly should not have been found guilty under the statute.

The language of the statute permits no such construction as is urged in behalf of the defendant.

First, by subsection (5) of section 3 of chapter 49 of the Acts of 1939, a retail sale is defined as "a sale to a consumer or to any person for any purposes other than for resale." By subsection (6) of the same section a retailer is defined as "any person who sells at retail any beverage for the sale of which a license is required under the provisions of this Act."

Now, certainly, a tax is levied upon a retailer of intoxicating liquors and, under the definition of a retailer just quoted, any person who sells at retail any whiskey must be regarded as falling within that description.

Proceeding further, subsection (9) of section 13 of the Act is in these words:

"It shall be unlawful for any person, dealer, distributor, or manufacturer, to sell, offer for sale, display [for] sale, barter, exchange or give away any alcoholic beverage or any container thereof, in this State, without having first paid the tax as in this Act provided, in the manner prescribed by the Commissioner."

Thus it becomes immaterial whether the defendant be regarded as a dealer or person engaged in selling intoxicating liquors, since it is made unlawful "for any person" to sell, exchange or give away any alcoholic beverage without having first paid the tax.

Chapter 49 of the Acts of 1939 does not deal with the sale of intoxicating liquor as it does with the possession of intoxicating liquor.

The language of the statute seems too plain to require further consideration and requires an affirmance of the judgment below.